UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DARLENE CODY et al., | No. 2:19-cv-02383-JAM-KJN PS |
|---|---|
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA SUPERIOR COURT IN AND FOR TRINITY COUNTY, et al., | AND ORDER |
| Defendants. | (ECF Nos. 33, 34, 36, 38, 39, 43) |

Presently before the court are motions to dismiss filed by California Superior Court in and for Trinity County ("Superior Court") and Nationstar Mortgage LLC. (ECF Nos. 34, 39.) Defendant Bank of America, N.A. ("BANA") has joined the Superior Court's motion to dismiss and filed its own motion to drop BANA as a party in this action. (ECF Nos. 35, 36.) Plaintiffs filed oppositions to these motions and a motion to amend. (ECF Nos. 41, 42, 43). For the reasons set forth below, the court recommends granting defendants' motions and dismissing plaintiffs' complaint without leave to amend.

**BACKGROUND**[1]

On March 4, 2013 Plaintiffs, acting pro se, filed suit in state court "alleging a violation of California's Homeowner's Bill Of Rights against Back of America, N.A., and Nationstar

---

[1] Unless otherwise indicated the factual assertions come from plaintiffs' First Amended Complaint. (ECF No. 24.)

1

Mortgage[.]" (ECF No. 24 at 3.) Plaintiffs' state-court complaint alleged these two corporations were not authorized to provide mortgage servicing to Countrywide loan # 19100947. (Id. at 3-4.) Plaintiffs also asserted Nationwide trespassed into their residence and took their property. (Id. at 4.) While plaintiffs' present complaint does not address the substance of the state action, plaintiffs allege judicial impropriety by the state court judge(s) as the foundation of the present suit. (See generally id.)

In the state action, plaintiffs filed a motion for Judge Johnson to recuse herself, which she granted on June 21, 2016. (Id. at 4). On July 13, 2016, Judge Harper, who replaced Judge Johnson, on his own motion disqualified himself. (Id. at 5.) On July 14, 2016, Judge Johnson "amended an order which was under appeal[.]"[2] (Id.) On September 15, 2016, Judge Johnson made "findings and orders" in the state case. (Id.) These "findings and orders" vacated a hearing on plaintiffs' preliminary injunction motion, due to the judges' recusal, and reset that motion before a non-recused judge. (Id. at 5-6.)

As a result of these orders, plaintiffs claim the Superior Court violated California Code of Civil Procedure Section 170.8,[3] and plaintiffs were therefore deprived of their rights to a fair trial, Due Process, and Equal Protection. (Id. at 7.)

Plaintiffs originally named Nationstar and BANA as defendants in this action. (ECF No. 1). However, in their First Amended Complaint, plaintiffs name these parties as "necessary, involuntary Plaintiffs." (ECF No 24.)[4]

All defendants filed motions to dismiss. (ECF Nos. 34, 36, 39). Plaintiffs responded and requested leave to amend should their complaint be dismissed. (ECF Nos. 41, 42, 43.)

---

[2] The docket sheet, attached to plaintiffs' complaint, lists the order as "Order: AMENDED MINUTE ORDER."

[3] Section 170.8 provides: "When there is no judge of a court qualified to hear an action or proceeding, the clerk shall forthwith notify the Chairman of the Judicial Council of that fact. The judge assigned by the Chairman of the Judicial Council shall hear the action or proceeding at the time fixed therefor or, if no time has been fixed or good cause appears for changing the time theretofore fixed, the judge shall fix a time for hearing in accordance with law and rules and hear the action or proceeding at the time so fixed."

[4] For sake of clarity the court addresses these parties as defendants herein.

**LEGAL STANDARDS**

Legal Standards for Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Legal Standards for Rule 12(b)(1)

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A–Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir.2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review

4

evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

**DISCUSSION**

**I. SUPERIOR COURT'S MOTION TO DISMISS**

Plaintiffs' claim against the Superior Court is barred pursuant to the Eleventh Amendment. The Eleventh Amendment precludes federal jurisdiction over suits by individuals against a state and its instrumentalities, unless either the state consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984).

Contrary to plaintiffs' assertions, Congress has not abrogated state sovereign immunity through 42 U.S.C. § 1983. Thus, the Ninth Circuit has consistently held that state courts are immune from suit pursuant to the Eleventh Amendment, and 42 U.S.C. § 1983 does not affect this immunity. See Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court . . . because such suits are barred by the Eleventh Amendment"); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that state courts are arms of the state for Eleventh Amendment purposes); Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court.").

While plaintiffs assert that "local government may be held liable under Section 1983" (ECF No. 41 at 5), plaintiffs overlook that municipal governments do not enjoy the same Eleventh Amendment protection as states. See Ray v. Cty. of Los Angeles, 935 F.3d 703, 709 (9th Cir. 2019) ("[An] important limit to the principle of sovereign immunity is that it bars suits against States but not lesser entities. The immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State."). Rather, state courts are arms of the state entitled to Eleventh Amendment immunity. See Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Accordingly, plaintiffs' argument is unavailing.

Therefore, plaintiffs' claim against the Superior Court is precluded by the Eleventh Amendment and is properly subject to dismissal.

## II. LEAVE TO AMEND

As a result of plaintiffs' amended complaint, the parties disagree whether BANA and Nationstar are currently involuntary plaintiffs or still defendants. However, in the present case there is no threat of "inconsistent judgments" because plaintiffs' complaint against the Superior Court should be dismissed, meaning BANA and Nationstar are not "necessary plaintiffs" in this matter. See Fed. R. Civ. P. Rule 19(a)(1). Thus, only question becomes whether plaintiffs should be permitted to amend their complaint again, as they have requested. Due to the Superior Court's Eleventh Amendment immunity and the Rooker-Feldman doctrine, the undersigned finds that leave to amend would be futile as to all defendants.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend "is properly denied . . . if amendment would be futile." Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)). Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

### A. Rooker-Feldman bars plaintiffs' claims

The court lacks subject matter jurisdiction over plaintiffs' complaint due to the Rooker-Feldman doctrine. As the Ninth Circuit Court of Appeals explained:

> The Rooker-Feldman doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments. The doctrine also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the

issues before it or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. The only court with jurisdiction to review challenges to the constitutionality of such judgments is the United States Supreme Court.

Fontana Empire Center, LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (internal citations and quotation marks omitted).

Here, plaintiffs' federal claim is inextricably intertwined with the state court judgment. Plaintiffs, in an attempt to avoid this conclusion, take two opposing positions. While in their opposition they claim they are not "trying to relitigate their state law claim" (ECF No. 41 at 6), plaintiffs' complaint seeks "Federal Injunctive relief to restore plaintiffs' federal right to a fair trial and impartial judge[.]" (ECF No. 24 at 8.) Plaintiffs' only other requested relief is "any further relief the court may deem appropriate." (Id.) It is obvious that this federal court cannot restore plaintiffs' right to a fair trial without overturning a state court judgment, something clearly precluded by Rooker-Feldman. Plaintiffs make no additional availing argument as to why an amended complaint would not be similarly precluded.

Accordingly, the undersigned finds that plaintiffs cannot maintain suit against any defendant due to the Rooker-Feldman doctrine, and therefore leave to amend would be futile.

### III. OTHER MOTIONS

Plaintiffs also filed a motion to electronically file in this matter and a request for the court to reconsider its prior order. (ECF Nos. 33, 38.)

Due to the undersigned recommending that plaintiffs' complaint be dismissed without leave to amend, the court DENIES plaintiffs' request to electronically file in this matter. (ECF No. 33.)

Plaintiffs also filed an "Objection to Matters Before Magistrate Judge Kendall J. Newman" (ECF No. 38), wherein they request that the court modify its prior order (ECF No. 25). Specifically, plaintiffs argue that the prior order that granted them leave to amend should have been made under Federal Rule of Civil Procedure 15(a)(1) (amendments as a matter of course) and not 15(a)(2) (other amendments).

Pursuant to Rule 15(a)(1)(B) a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Here, plaintiffs were served with Nationstar's motion to dismiss on December 23, 2019. (ECF No. 5-2 (noting service via email and mail).) Because Nationstar served plaintiffs by mail, "3 days are added" to the 21-day time period of Rule 15(a)(1)(B). See Fed. R. Civ. P. 6(d). Plaintiffs filed a motion to amend their complaint on January 27, 2020, outside of the 24 days allowed under Rule 15(a)(1)(B). Therefore, the court granted plaintiffs leave to amend pursuant to Rule 15(a)(2). (See ECF No. 25.)

Plaintiffs assert that because the Superior Court served its motion to dismiss on plaintiffs on January 10, 2020, they filed their amended complaint within the Rule 15(a)(1) timeframe. (ECF No. 38.) However, Rule 15(a)(1) does not create multiple 21-day periods to file an amended complaint. Rather, the Rule states that amendments are permitted "21 days after service of *a* motion under Rule 12(b), (e), or (f)." Fed R. Civ. P. 15(a)(1)(B) (emphasis added). That period began to run on December 23, 2019, the date Nationstar served plaintiffs with *a* Rule 12(b) motion, and ran 24 days, as discussed above. Accordingly, the court properly granted plaintiffs leave to amend under Rule 15(a)(2), not Rule 15(a)(1). The court therefore DENIES plaintiffs' motion (ECF No. 38) to modify its prior order.

**CONCLUSION**

For the reasons sets forth above, the undersigned recommends plaintiffs' complaint be dismissed. While leave to amend should be freely granted, amendment would be futile due to the Superior Court's Eleventh Amendment immunity and the Rooker-Feldman doctrine. Therefore, the undersigned recommends that leave to amend should not be granted and this case should be dismissed with prejudice.

////

////

////

8

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be GRANTED (ECF Nos. 34, 36, 39).

2. Plaintiffs' motion to amend (ECF No. 43) be DENIED.

3. Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

4. The Clerk of Court be directed to close this case.

Additionally, it is HEREBY ORDERED that:

1. Plaintiffs' motion to electronically file (ECF No. 33) is DENIED.

2. Plaintiffs' motion for the court to reconsider its prior order (ECF No. 38) is DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the Court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 24, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/2383.cody